UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>PRECIOUS PHYSICAL THEREAPY, Inc., *et al.*,<br>                    Defendants.<br>_____/ | Case No.: 19-10835<br><br>Sean F. Cox<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER ON PLAINTIFF'S MOTIONS FOR ALTERNATE SERVICE OF
DEPOSITION SUBPOENAS (ECF Nos. 50, 51, 52)**

This matter is before the Court on Plaintiff State Farm Mutual Insurance Company's (State Farm) three motions for alternate service of deposition subpoenas on non-party witnesses Ammar Elia, Muna Afan, and Martin Dahhoo. (ECF Nos. 50, 51, 52). Thus far, State Farm has not been able to personally serve the three non-party witnesses. So, State Farm requests that the Court permit it to serve the deposition subpoenas by tacking them on the door of the witnesses' last known home addresses, mailing the subpoenas by U.S. Mail and by mailing the subpoenas by certified mail, return receipt requested to those same addresses. Defendants did not file a response to the motions. For the reasons set forth below, the motions for alternate service on Ammar Elia (ECF No. 50) and Martin Dahhoo

(ECF No. 52) are **GRANTED**. The motion for alternate service on Muna Afan (ECF No. 51) is **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

State Farm filed this suit against Defendants Precious Physical Therapy, Inc., Sterling Physical Therapy Provider Corp. (Sterling), and Core Physical Therapy Corp. (Core), and individuals Hemalkumar Bhagat (referred to by the parties as Hemal Bhagat), Payal Bhagat, Khalid Gazguz,[1] Hansee Sesi, and Salwa Elia in March 2019. State Farm alleges the Defendants engaged in a fraudulent scheme to obtain money from State Farm by submitting bills and documentation for services purportedly provided to individuals who were in automobile accidents and were eligible for personal injury protection benefits under State Farm policies. The Defendants allegedly treated patients pursuant to a "predetermined treatment protocol" designed to enrich the Defendants rather than treat the patients' individual medical needs. (ECF No. 1, PageID.2).

According to State Farm, the three non-party witnesses it is attempting to serve and depose played a part in the alleged scheme. Through discovery, State Farm learned the witnesses received substantial sums in payments from Core and the other Defendants. Ammar Elia, Defendant Salwa Elia's husband, received

---

[1] Defendants Precious Physical Therapy, Inc., Sterling Physical Therapy Provider Corp., and Khalid Garzuz have entries of default against them. (ECF Nos. 29, 30, 36).

2

dozens of checks from Core and Sterling Physical Therapy. While a majority of those checks did not indicate the purpose of the payments, a few of them indicated the payments were for unspecified "services." (ECF No. 50, PageID.657). Other discovery suggests that Ammar Elia has discoverable information regarding Core Physical Therapy's operations including its General Ledger from 2017 identifying Ammar Elia as an individual hired as "Outside Help – 1099." (*Id.*).

Similarly, State Farm learned Muna Afan and companies she owns and controls received money from Defendants totaling in excess of $500,000. (ECF No. 51, PageID.672). A few of the checks given to Muna Afan indicated the payments were for "services," without further elaboration. State Farm also obtained a form 1099-MISC for Muna Afan showing she received at least $34,600 in compensation from Core. (*Id.*). Discovery revealed that non-party Martin Dahhoo and his company, Martin 1997 Marketing LLC, also received a substantial amount of money from Defendants, totaling over $350,000. The checks do not reveal the reason for the payments. Further, Core's documents from 2017 and 2018 identify Martin 1997 Marketing LLC as a company Core hired for "Outside Help," paying at least $119,300. (ECF No. 52, PageID.687).

State Farm successfully served document subpoenas on the three non-party witnesses earlier this year. On January 16, 2020, State Farm successfully served a document subpoena on Ammar Elia at 13809 Grandeur Avenue, Shelby Township,

3

Michigan, 48315. (ECF No. 53-1, PageID.695). In response, Ammar Elia provided a form 1099-MISC prepared by Core in 2017 showing that he received at least $38,000 in compensation from Core. (ECF No. 50, PageID.657). On March 29, 2020, after several unsuccessful attempts at service, State Farm successfully served a document subpoena on Muna Afan at 15525 Brookstone Drive, Clinton Township, MI, 48035. (ECF No. 54-1, PageID.720). Afan did not comply with the subpoena. (ECF No. 51, PageID.2). On March 30, 2020, also after several unsuccessful attempts, Martin Dahhoo was personally served with a document subpoena at 35367 Tall Oaks Drive 25, Sterling Heights, Michigan 48312. (ECF No. 55-1, PageID.745). Dahhoo did not comply with the subpoena.

On September 24, 2020, State Farm gave notice to Defendants it would be serving deposition subpoenas on Ammar Elia, Muna Afan, and Martin Dahhoo. To date, State Farm has been unable to serve them.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas. Rule 45(b)(1) provides "serving a subpoena requires delivering a copy to the named person." While some courts have held this provision of Rule 45 requires personal service, other courts have held that it does not. *See Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753-54 (E.D. Mich. 2011) (citing cases). The Sixth Circuit has indicated that Rule 45 requires personal service in some situations, *see*

*Hill v. Homeward Residential*, 799 F.3d 544, 553 (6th Cir. 2015), but has not conclusively joined the circuit split one way or another, *see Oceanfirst*, 794 F. Supp. 2d at 753. Most of the judges in this district who have considered the issue agree that Rule 45 allows service of a subpoena by alternate means. *See*, *e.g.*, *id.* at 754 (finding support for this position in the text of rule); *see also Export Development Canada v. SDR Group, Inc.*, 2020 WL 1888825 (E.D. Mich. Apr. 16, 2020) (Lawson, J.); *Asian Food Service, Inc. v. Travelers Cas. Ins. Co. America*, 2020 WL 230134 (E.D. Mich. Jan. 15, 2020) (Edmunds, J.); *Monson v. Ghougoian*, 2019 WL 2464409 (E.D. Mich. June 13, 2019) (Michelson, J.); *Franklin v. State Farm Fire and Cas. Co.*, 2009 WL 3152993 (E.D. Mich. Sept. 30, 2009) (Majzoub, MJ.). The reasoning used by these courts is persuasive. Coupled with the Court's interest in an efficient and time-effective resolution of this matter, *see* Fed. R. Civ. P. 1, the Court will read Rule 45 "to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort." *Oceanfirst*, 794 F. Supp. 2d. at 754; *see also Export Development*, 2020 WL 1888825, at *1. The alternative service must be "reasonably calculated to achieve actual delivery." *Oceanfirst*, 794 F. Supp. 2d. at 754 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

**III. ANALYSIS**

State Farm has demonstrated a diligent effort to personally serve the three non-party witnesses. State Farm's motion included three affidavits of non-service from process server Jakub Michalik retained to serve the witnesses. Michalik's affidavits indicated he attempted to personally serve each of the witnesses on five separate occasions between September 25th and October 8th, on different days of the week and different times of the day. (ECF Nos. 53-3, PageID.707; 54-3, PageID.732; 55-3, PageID.757).

He attempted service on Ammar Elia and Martin Dahhoo at the residential addresses used to successfully serve the document subpoenas earlier this year. On the first attempt at both homes, an "Arab female" answered the door and stated that the witness was not in—further demonstrating the addresses on file are the correct addresses for these two witnesses. (ECF No. 55-3, PageID.707; ECF No. 757). After the initial attempt, on different occasions, Michalik heard activity in the home or heard the television but no one answered the door. When no one answered, he left his business card which would be removed the next time he tried to serve the subpoena. Michalik has been unable to personally serve either witness.

Based on these facts, the Court finds that State Farm has diligently attempted to personally serve the deposition subpoena on Ammar Elia and Martin Dahhoo with no success. Moreover, the alternate method of service set forth by State Farm

is "reasonably calculated to achieve actual delivery" of the subpoena.  *See Oceanfirst*, 794 F. Supp. 2d at 754 ("[m]ailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness").  Thus, these motions are **GRANTED**.  Service must be made within seven days of this Order.  State Farm must then notice and conduct these depositions within two weeks after service is made as outlined herein.

      The circumstances were different when Michalik attempted to serve Muna Afan at 15525 Brookstone Dr., Clinton Twp., MI 48038, the address used to successfully serve the document subpoena on March 29th.  After the first three attempts at that address with no answer, on October 7, 2020, a "white male in his 20s" answered the door on the fourth attempt and claimed that he did not know Muna Afan.  State Farm asserts that "on information and belief," the man who answered the door "lives with Muna Afan at that address."  (ECF No. 51, PageID.663).  However, this assertion is without supporting documentation or further factual development.  The server then attempted service at 15810 Thunder Ridge Ct., Clinton Township, MI 48038, where Muna Afan lived prior to moving to 15525 Brookstone Drive—according to State Farm.  A "black female in her 20s" answered the door and claimed to not know Afan.  (ECF No. 54-3, PageID.732).

These facts do not readily suggest that posting the subpoena and mailing it to 15525 Brookstone Drive is reasonably calculated to achieve actual delivery on Muna Afan.  The fact that Muna Afan was personally served at this address on March 29, 2020, does not necessarily equate she continues to reside at that location.  And, the Court cannot simply rely on State Farm's counsel's assertion that the white male who answered the door lived with Afan.  Without further factual development linking Muna Afan to 15525 Brookstone Drive, the motion is **DENIED WITHOUT PREJUDICE**.  Should State Farm obtain more evidence that alternate service at 15525 Brookstone Drive is reasonably calculated to achieve actual delivery of the deposition subpoena, it may once again request permission to seek an alternative means of service.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains

in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: November 5, 2020                             s/Curtis Ivy, Jr.
                                                   Curtis Ivy, Jr.
                                                   United States Magistrate Judge