UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br>v.<br><br>PRECIOUS PHYSICAL THERAPY, Inc., *et al.*,<br>　　　　　　Defendants.<br>_____/ | Case No.: 19-10835<br><br>Sean F. Cox<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
ALTERNATE SERVICE ON NONPARTY MUNA AFAN (ECF No. 69)**

This matter is before the Court on Plaintiff State Farm Mutual Insurance Company's (State Farm) renewed motion for alternate service of a deposition subpoena on non-party witness Muna Afan.  (ECF No. 69).   For the reasons discussed below, the renewed motion for alternate service is **GRANTED**.

**I.	BACKGROUND**

State Farm first moved for alternate service of a deposition subpoena on non-party Muna Afan on October 15, 2020.  (ECF No. 51).  To support its request to serve the subpoena by alternate means, State Farm provided the following.  On March 29, 2020, after several unsuccessful attempts at service, State Farm *successfully* served a document subpoena on Muna Afan at 15525 Brookstone Drive, Clinton Township, MI, 48035.  (ECF No. 54-1, PageID.720).  However,

Afan did not comply with the subpoena. (ECF No. 51, PageID.2). On September 24, 2020, State Farm gave notice to Defendants it would be serving a deposition subpoena on Muna Afan, among others.

State Farm began attempts to serve Afan with the deposition subpoena. Following three unsuccessful attempts with no answer at 15525 Brookstone Drive, Clinton Township, MI, 48035, on October 7, 2020, a "white male in his 20s" answered the door on the fourth attempt and claimed that he did not know Muna Afan. State Farm asserted "on information and belief," the man who answered the door "lives with Muna Afan at that address." (ECF No. 51, PageID.663). However, this assertion was without supporting documentation or further factual development. The server then attempted service where Muna Afan purportedly lived prior to moving to 15525 Brookstone Drive at 15810 Thunder Ridge Ct., Clinton Township, MI 48038. A "black female in her 20s" answered the door and claimed to not know Afan. (ECF No. 54-3, PageID.732).

The Court denied the motion for alternate service without prejudice. (ECF No. 62). The evidence presented did not sufficiently demonstrate service at the 15525 Brookstone Drive address was reasonably calculated to achieve actual delivery of the subpoena. Specifically, the Court stated,

> These facts do not readily suggest that posting the subpoena and mailing it to 15525 Brookstone Drive is reasonably calculated to achieve actual delivery on Muna Afan. The fact that Muna Afan was personally served at

2

> this address on March 29, 2020, does not necessarily equate she continues to reside at that location.  And, the Court cannot simply rely on State Farm's counsel's assertion that the white male who answered the door lived with Afan.  Without further factual development linking Muna Afan to 15525 Brookstone Drive, the motion is **DENIED WITHOUT PREJUDICE**.  Should State Farm obtain more evidence that alternate service at 15525 Brookstone Drive is reasonably calculated to achieve actual delivery of the deposition subpoena, it may once again request permission to seek an alternative means of service.

(ECF No. 62, PageID.1413).

On December 2, 2020, State Farm renewed its motion and presented further evidence connecting Muna Afan to the residential address.  (ECF No. 69).

## II.    LEGAL STANDARD

As stated in the Court's prior Order (ECF No. 62), Federal Rule of Civil Procedure 45 governs subpoenas.  Rule 45(b)(1) provides "serving a subpoena requires delivering a copy to the named person."  While some courts have held this provision of Rule 45 requires personal service, other courts have held that it does not.  *See Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753-54 (E.D. Mich. 2011) (citing cases).  The Sixth Circuit has indicated Rule 45 requires personal service in some situations, *see Hill v. Homeward Residential*, 799 F.3d 544, 553 (6th Cir. 2015), but has not conclusively joined the circuit split one way or another, *see Oceanfirst*, 794 F. Supp. 2d at 753.  Most of the judges in this district who have considered the issue agree that Rule 45 allows service of a

subpoena by alternate means. *See*, *e.g.*, *id.* at 754 (finding support for this position in the text of rule); *see also Export Development Canada v. SDR Group, Inc.*, 2020 WL 1888825 (E.D. Mich. Apr. 16, 2020) (Lawson, J.); *Asian Food Service, Inc. v. Travelers Cas. Ins. Co. America*, 2020 WL 230134 (E.D. Mich. Jan. 15, 2020) (Edmunds, J.); *Monson v. Ghougoian*, 2019 WL 2464409 (E.D. Mich. June 13, 2019) (Michelson, J.); *Franklin v. State Farm Fire and Cas. Co.*, 2009 WL 3152993 (E.D. Mich. Sept. 30, 2009) (Majzoub, MJ.). The reasoning used by these courts is persuasive. Coupled with the Court's interest in an efficient and time-effective resolution of this matter, *see* Fed. R. Civ. P. 1, the Court will read Rule 45 "to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort." *Oceanfirst*, 794 F. Supp. 2d. at 754; *see also Export Development*, 2020 WL 1888825, at *1. The alternative service must be "reasonably calculated to achieve actual delivery." *Oceanfirst*, 794 F. Supp. 2d. at 754 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

**III. ANALYSIS**

Since the denial of its first motion, State Farm again attempted service on Muna Afan at 15525 Brookstone Drive and acquired additional information connecting Afan to the residence.

4

On November 7, 2020, State Farm's process server, Jakub Michalik, attempted service on Afan at 15525 Brookstone Drive. An "Arabic male" answered the door and "advised that Muna Afan was not in and would be home later that day." (ECF No. 69-4, PageID.1658). Based on a photograph obtained from an attorney, Michalik believed the man to be Afan's husband, Hani Afan.[1] No one answered the door when Michalik attempted service again November 8 and 9, 2020.

On November 13, 2020, another process server, Brad Weaver, attempted service at 15525 Brookstone Drive. No one answered the door. (ECF No. 69-3, PageID.1650). On that date, Weaver ran license plate checks on the vehicles parked in the driveway and on the street near the house. A vehicle located in the driveway was registered to Muna Afan at 15525 Brookstone Drive. Two other vehicles were registered to men with the same last name: Hani Afan and Yousif Afan. (*Id.* at PageID.1651, 1653). Subsequently, Weaver researched individuals reported at this address by multiple sources, such as utilities. Muna Afan was listed. (*Id.* at PageID.1654). Also, Weaver obtained deed information related to 15525 Brookstone Drive. Muna Afan is listed as an owner of the residence, along with Hani Afan. (*Id.* at PageID.1654-55).

---

[1] Michilak averred the photograph came from an attorney; State Farm asserted it was obtained from Hani Afan's Facebook account. (ECF No. 69, PageID.1641). Michalik indicated the photo was attached to the affidavit, but it is not. (*See* ECF No. 69-4, PageID.1658).

5

Finally, State Farm indicated Ammar Elia, who purportedly is Afan's brother-in-law, testified during a deposition that Afan resides at 15525 Brookstone Drive. (ECF No. 69, PageID.1641). The transcript of this testimony was not available at the time State Farm filed this motion. The Court will accept Ammar Elia so testified in light of counsel's certification-by-signature that factual contentions have evidentiary support, pursuant to Fed. R. Civ. P. 11(b).

Having attempted service at 15525 Brookstone Drive on nine separate occasions since September 2020, State Farm has demonstrated a diligent effort to personally serve Muna Afan. State Farm has also sufficiently demonstrated alternate service at 15525 Brookstone Drive is reasonably calculated to achieve actual delivery of the deposition subpoena. The facts presented here adequately link Muna Afan to the residence—namely, a man who answered the door acknowledged she lived there, a car registered in her name and for that address was found in the driveway, and she is an owner of the residence.

Accordingly, the renewed motion for alternate service on Muna Afan is **GRANTED**. State Farm may serve the deposition by all of the following means:

> 1. Physically tacking and posting the deposition subpoena to Afan's home address at 15525 Brookstone Drive, #56, Clinton Township, Michigan, 48038;
>
> 2. Mailing the deposition subpoena by U.S. Mail to 15525 Brookstone Drive, #56, Clinton Township, Michigan, 48038; and

>   3. Mailing the deposition subpoena by Certified Mail, Return Receipt Requested to 15525 Brookstone Drive, #56, Clinton Township, Michigan, 48038.

See *Oceanfirst*, 794 F. Supp. 2d at 754 ("[m]ailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness").

    **IT IS SO ORDERED**.

    The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date:  December 9, 2020                     s/Curtis Ivy, Jr.
                                                           Curtis Ivy, Jr.
                                                           United States Magistrate Judge