UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>   Plaintiff,<br>v.<br>PRECIOUS PHYSICAL THERAPY, INC., *et al.*,<br>   Defendants.<br>_____/ | Case No.: 19-10835<br><br>Sean F. Cox<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE (ECF No. 68)**

**I. BACKGROUND**

  A. <u>Procedural History</u>

State Farm Mutual Automobile Insurance Company (State Farm) initiated this action March 21, 2019, against physical therapist and physical therapy practice defendants alleging common law fraud and unjust enrichment. (ECF No. 1). As part of its discovery effort, State Farm sought to depose non-party Martin Dahhoo. As explained more fully below, serving Dahhoo with the subpoena and notice of deposition proved difficult. State Farm obtained an order from the Court allowing alternate service of the subpoena. After serving Dahhoo by those means of

alternate service, Dahhoo failed to comply with the subpoena. On December 2, 2020, State Farm filed the instant motion for an order to show cause why non-party Martin Dahhoo should not be held in contempt for failure to comply with the subpoena. (ECF No. 68). Judge Cox referred the motion to the undersigned on December 4, 2020. (ECF No. 70). A hearing on the motion was held January 20, 2021, at 9 a.m. Martin Dahhoo did not appear.

    B.    <u>The Instant Motion</u>

According to State Farm, non-party Martin Dahhoo, and the company he owns (Martin 1997 Marketing LLC), received substantial payments from the defendants. (ECF No. 68, PageID.1545-46). State Farm wishes to depose Dahhoo to inquire into his business relationship with the defendants and to obtain documents from Dahhoo related to his dealings with them.

The following facts were established for purposes of State Farm's motion for alternate service of a deposition subpoena on Dahhoo. On March 30, 2020, after several unsuccessful attempts at service, State Farm successfully personally served a document subpoena on Dahhoo at 35367 Tall Oaks Drive 25, Sterling Heights, Michigan 48312. (ECF No. 55-1, PageID.745). Dahhoo did not comply with that subpoena. (ECF No. 52, PageID.687). On September 24, 2020, State Farm issued a duly-noticed deposition subpoena for Dahhoo directing him to produce documents and to attend a deposition on October 20, 2020. (ECF No. 55-2,

PageID.747-55).  On the first attempt at personal service at 35367 Tall Oaks Drive, an "Arab female" answered the door and stated Dahhoo was not in—the acknowledgement that Dahhoo resides there demonstrated the address on file is the correct address for Dahhoo.  (ECF No. 55-3, PageID.757).  After the initial attempt, on different occasions, the process server heard activity occurring in the home or overheard noise emanating from the television, but no one answered the door.

On these facts, the Court concluded State Farm diligently attempted personal service of the subpoena but was unsuccessful.  The Court further concluded the alternate means of service suggested were reasonably calculated to achieve actual delivery as Dahhoo was previously personally served at the Tall Oaks Drive address and a woman acknowledged Dahhoo lived there in September 2020.  Therefore, the motion for alternate service on Dahhoo was granted.  State Farm was directed to use the following means of service: tacking the subpoena on the door of Dahhoo's last known home address, and providing the subpoena by United States Mail and by certified mail, return receipt requested, to the same address.  (ECF No. 62).

On November 9, 2020, State Farm reissued the deposition subpoena commanding Dahhoo to produce documents and attend a deposition via Zoom teleconference on November 19, 2020.  (ECF No. 68-3, PageID.1578-86).  State

3

Farm used the means for alternate service listed above to serve the subpoena, a cover letter, and a copy of this Court's order granting alternate service. (ECF No. 68-4, PageID.1588, 1589; ECF No. 68-5, PageID.1591-92; ECF No. 68-6, PageID.1595).

Not only was the subpoena clear on what Dahhoo was required to do, but State Farm's cover letter to the subpoena also explained the subpoena and that it was served by alternate means in accordance with this Court's Order. (ECF No. 68-7, PageID.1599-1600). State Farm warned Dahhoo that if he failed to appear for the deposition, it would seek all appropriate remedies with the Court under Federal Rule of Civil Procedure 45. (*Id.*).

According to State Farm, Dahhoo did not respond in any manner to the subpoena, nor did he comply. Hence, State Farm seeks a Court order requiring Dahhoo to show cause why he should not be held in contempt of the Court for his failure to comply with the subpoena.

The Court originally set this matter for hearing December 28, 2020. The Court later adjourned the hearing and reset it for January 20, 2021, requiring non-party Martin Dahhoo to appear at the hearing and to file a response to State Farm's Motion for Order to Show Cause no later than January 8, 2021. (ECF No. 75). In that Order, the Court warned "**Failure to file a response brief and/or to attend the hearing may result in sanctions, including granting all or part of the relief**

4

**requested**." (*Id.* at PageID.1773). On December 26, 2020, State Farm filed a certificate of service indicating the Order adjourning and resetting the hearing was served on Dahhoo in accordance with the Order. (ECF No. 77, PageID.1777-78).

Non-party Martin Dahhoo has not filed a response to the motion or otherwise contacted the Court. Dahhoo also failed to appear at the January 20, 2021, hearing.

## II. ANALYSIS

### A. Contempt Authority of the Magistrate Judge and Certified Facts

Except where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Instead, the Magistrate judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Thus, as contemplated by 28 U.S.C. § 636(e)(6)(B), the undersigned certifies these facts to Judge Cox:

1. On September 24, 2020, State Farm issued a duly-noticed subpoena to testify at a deposition and to produce documents responsive to requests attached to the subpoena to Martin Dahhoo pursuant to Fed. R. Civ. P. 45, setting a deposition date of October 16, 2020. (ECF No. 55-2, PageID.747-55).

2. State Farm attempted to personally serve the subpoena at the same address previously utilized to successfully effectuate personal service of a documents subpoena in March 2020—35367 Tall Oaks Drive 25, Sterling Heights, Michigan 48312. (ECF No. 55-1, PageID.745; ECF No. 55-3, PageID.757).

3. The attempts at personal service of the deposition subpoena at the Tall Oaks Drive address were unsuccessful. During the first attempt, a woman answered the door and stated Dahhoo was not in. No one answered on subsequent attempts. (ECF No. 55-3, PageID.757).

4. State Farm moved for alternate service of the deposition subpoena. (ECF No. 52). In support of the motion, State Farm provided its process server's affidavit of non-service. (ECF No. 55-3, PageID.757).

5. On November 5, 2020, the Court entered an Order granting the motion. Finding that State Farm had diligently attempted personal service and that service by alternative means was "reasonably calculated to achieve actual

deliver[,]" *Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 54

(E.D. Mich. 2011), the Court stated as follows:

> [The process server] attempted service on . . . Martin Dahhoo at the residential address[] used to successfully serve the document subpoenas earlier this year. On the first attempt . . ., an "Arab female" answered the door and stated that the witness was not in—further demonstrating the address[] on file [was] the correct address[] for [Dahhoo]. (ECF No. 55-3, PageID.707; ECF No. 757). After the initial attempt, on different occasions, [the process server] heard activity in the home or heard the television but no one answered the door. When no one answered, he left his business card which would be removed the next time he tried to serve the subpoena. . . .
>
> Based on these facts, the Court finds that State Farm has diligently attempted to personally serve the deposition subpoena on . . . Martin Dahhoo with no success. Moreover, the alternate method of service set forth by State Farm is "reasonably calculated to achieve actual delivery" of the subpoena. *See Oceanfirst*, 794 F. Supp. 2d at 754 ("[m]ailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness").

(ECF No. 62, PageID.1411-12).

      6.    The Court ordered State Farm to serve the subpoena by the following means: tacking the subpoena on the door of Dahhoo's last known home address, 35367 Tall Oaks Drive 25, Sterling Heights, Michigan 48312, and by providing the subpoena by United States Mail and certified mail, return receipt requested, to that address.

7. On November 9, 2020, State Farm issued a new subpoena to testify at a deposition and to produce documents responsive to requests attached to the subpoena to Martin Dahhoo pursuant to Fed. R. Civ. P. 45, setting a deposition date of November 19, 2020. (ECF No. 68-3, PageID.1578-86).

8. State Farm served the subpoena and a copy of the Court's Order granting alternate service via the methods of alternate service required by the Court's November 5, 2020, Order. Specifically, the subpoena and Court Order were tacked on the door at Dahhoo's Tall Oaks Drive home address, provided the subpoena by United States Mail and certified mail, return receipt requested, to the same address. (ECF No. 68-4, PageID.1588-89; ECF No. 68-5, PageID.1591-93; ECF No. 68-6, PageID.1595-97). State Farm had not received the return receipt at the time it filed its motion. (ECF No. 68, PageID.1547, n.1).

9. Dahhoo did not appear at the November 19, 2020, deposition, and no documents were produced.

10. On December 2, 2020, State Farm filed a motion for order to show cause why Martin Dahhoo should not be held in contempt for failure to comply with the deposition subpoena. (ECF No. 68).

11. On December 22, 2020, the Court issued an Order setting the hearing for January 20, 2021 at 9 a.m. (ECF No. 75). The Order required Dahhoo to

attend the hearing and to file a response to the motion for order to show cause no later than January 8, 2021.

13. In that Order, the Court warned that "**Failure to file a response brief and/or to attend the hearing may result in sanctions, including granting all or part of the relief requested**." (ECF No. 75, PageID.1773).

13. The Court directed State Farm to serve a copy of its motion for order to show cause and copy of the Order setting the hearing on Dahhoo by alternate means of service:

> tacking both on the door of his last known address (35367 Tall Oaks Drive #25, Sterling Heights, Michigan 48312) and mailing both to that address by overnight certified mail, return receipt requested.

(ECF No. 75, PageID.1773).

14. The Court also mailed a copy of the Order to Martin Dahhoo at 35367 Tall Oaks Drive, #25, Sterling Heights, Michigan 48312. (*See* Text-Only Certificate of Service dated December 22, 2020).

15. On December 26, 2020, State Farm filed a certificate of service indicating that its motion for order to show cause and the Court's Order setting the hearing and briefing schedule were served on Dahhoo by the means described above. (ECF No. 77).

9

16. Martin Dahhoo did not respond to the motion for order to show cause, did not appear at the hearing, and otherwise has not contacted the Court regarding this motion.

B. <u>Discussion</u>

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas for the discovery of information from third parties. *See Faison v. State Farm Fire & Cas. Co.*, 2015 WL 4274882, at *2 (E.D. Mich. June 18, 2015), *report and recommendation adopted*, 2015 WL 4274887 (E.D. Mich. July 14, 2015). Rule 45(g) provides "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Whether to hold a party in contempt is within the sound discretion of the district court, but it is one that "should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party seeking to establish contempt must produce "clear and convincing evidence" showing that the party opposing contempt violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 378 (quoting *NLRB v. Cincinnati Bronze Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)). Once the moving party establishes its *prima facie* case, "the burden shifts to the

contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 378 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). When evaluating an alleged contemnor's failure to comply with a court order, the court "also consider[s] whether the [individual] 'took all reasonable steps within [his or her] power to comply with the court's order.'" *Id.* (quoting *Peppers v. Barry*, 873 F.2d 967, 968-69 (6th Cir. 1989)).

The certified facts outlined above support a finding of civil contempt, as they do not evidence reasonable steps to comply with the subpoena or the Court's Order. The record indicates State Farm diligently attempted to personally serve the subpoena, that Martin Dahhoo was evading personal service of the subpoena, that alternate means of service were reasonably calculated to achieve actual delivery of the subpoena, and that Dahhoo failed to obey the subpoena and Court Order after alternate means of service were used. The subpoena was not ambiguous, nor was the Court's Order setting the hearing and briefing schedule, which expressly directed Dahhoo to file a response to State Farm's motion and to appear at the hearing. Yet, Dahhoo did not file an objection, move to quash the subpoena, or heed in any manner the Court's order requiring a response to the motion.

## III. RECOMMENDATION

For the reasons set forth above, it is **RECOMMENDED** that the Court **GRANT** State Farm's Motion for Order to Show Cause as follows:

(1) Non-party Martin Dahhoo should be ordered to appear before District Judge Sean F. Cox on a date certain to show cause why he should not be held in civil contempt for failing to comply with State Farm's subpoena;

(2) Unless Martin Dahhoo satisfactorily shows cause as to why he has not fully complied with State Farm's subpoena, he should be held in civil contempt of court by the District Judge; and

(3) Martin Dahhoo should be ordered to purge himself of the contempt by fully complying with the subpoena.

**State Farm is directed to serve this Report and Recommendation on Martin Dahhoo by the means of alternate service: tacking on the door, mailing by United States Mail, and mailing by certified mail, return receipt requested, to 35367 Tall oaks Drive, #25, Sterling Heights, Michigan 48312.** State Farm shall file a certificate of service with the Court indicating completion of service by these means.  The Court will also mail a copy of this Report and Recommendation to Martin Dahhoo at that address.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 20, 2021                              s/Curtis Ivy, Jr.
                                                                       Curtis Ivy, Jr.
                                                                       United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record and also on non-party Martin Dahhoo on January 20, 2021, by electronic means and/or ordinary mail.

                                                  s/Kristen MacKay
                                                  Case Manager
                                                  (810) 341-7850