UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>        Plaintiff,<br>v.<br>PRECIOUS PHYSICAL THERAPY, Inc., *et al.*,<br>        Defendants.<br>_____/ | Case No.: 19-10835<br><br>Sean F. Cox<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER REGARDING PLAINTIFF'S BILL OF COSTS (ECF No. 92)

On February 23, 2021, the Court held a hearing on State Farm Mutual Automobile Insurance Company's ("State Farm") motion for sanctions (ECF No. 81) and subsequently granted the motion in part (ECF No. 89). The Court ordered State Farm to submit a bill of costs and allowed defendants 7 days to file a response. The bill of costs (ECF No. 92) and defendants' response (ECF No. 93) are now before the Court.

    A.    <u>Background</u>

During October 2020, State Farm filed a motion to compel production of documents and supplemental responses to interrogatories from "Core Defendants" Core Physical Therapy Corp., Hemal Bhagat, Payal Bhagat, and Salwa Elia. (ECF No. 56). The Court granted the motion in part. (ECF No. 67). Not satisfied with

the defendants' supplemental discovery responses, State Farm filed a motion for sanctions pursuant to Fed. R. Civ. P. 37.  (ECF No. 81).  The bases of State Farm's motion for sanctions were explained in the Court's Order on the motion (ECF No. 89) and will not be detailed here.  By way of background, there were three issues identified in State Farm's motion for sanctions—(1) whether defendants should be sanctioned for providing misleading information regarding the existence of email accounts and emails, (2) whether defendants obeyed the Court's Order with regard to obtaining emails from current and former employees and independent contractors, and (3) whether defendants should be sanctioned for their failure to properly obey the Court's Order and its supplemental production of emails from the corept17@gmail.com account.

    The Court granted the motion as to the third issue only.  Core Defendants' initial production of emails from the corept17 account contained in excess of 26,000 pages of documents provided in alphabetical order, and with attachments separate from their corresponding communication.  In the Order on State Farm's motion to compel, the Court ordered the Core Defendants to supplement their production so that attachments were provided with the corresponding communication and the records provided as they were ordinarily kept in accordance with Fed. R. Civ. P. 34.  (ECF No. 67, PageID.1522-23).

The Core Defendants did not comply with the Order. Instead, they produced roughly 1,165 pages of documents from the account, omitting documents initially produced and providing new documents. In addition, the emails were copied leaving off the dates and other relevant portions of the messages. Because of their failure to comply with the Court's Order, the Court ordered the Core Defendants and their counsel to share in paying a portion of the costs incurred by State Farm in bringing the motion for sanctions. (ECF No. 89, PageID.2245-48).

B.  Discussion

If an underlying motion for sanctions for failure to comply with a discovery order is granted, the applicable rule provides for payment of the movant's "*reasonable expenses*, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C) (emphases added). The undersigned has reviewed the bill of costs in detail and concludes that, while State Farm is entitled to reimbursement for some of their time in bringing the motion, the entire request will not be granted.

State Farm attorneys Michael Powers and Jared Heck seek reimbursement for a combined 34.5 hours of work at an hourly rate of $450/hour each, resulting in a total of $15,525. However, because State Farm was successful on only one out of three of its points, State Farm requests an award of 33% of the total, or $5,123.25. (ECF No. 92, PageID.2332). In addition, State Farm seeks an award of

$5,000 as a monetary sanction against the Core Defendants for their failures with regard to the corept17 email production.

    a.    Reasonableness of the Hourly Rates Sought

Core Defendants argue $450/hour for both Mr. Heck and Mr. Powers is an excessive rate. They argue the hourly rates should be reduced to $280/hour for Mr. Heck and $242/hour for Mr. Powers based on the number of years they have been in practice according to average rates in Michigan. (ECF No. 93, PageID.2388-90). State Farm's counsel argue their hourly rate is reasonable as out-of-state counsel because of their years of experience, their specialization in insurance fraud, State Farm's consistent payment of legal fees at that rate, and the fact that their rates are lower than, for example, Sidley Austin LLP, a law firm also located in Chicago, Illinois. (ECF No. 92, PageID.2334-36).

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citation and internal quotation marks omitted). In assessing the "reasonable hourly rate," the court should assess the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that rate which

lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock-Ladd*, 227 F.3d at 350.

State Farm's counsel is from Katten Muchin Rosenman LLP in Chicago, Illinois. They argue their hourly rate is a reasonable rate for Chicago attorneys with their years of experience. "When fees are sought for an out-of-town specialist, courts must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995) (citations omitted). The Court may find a lower hourly rate more reasonable if there is reason to believe competent local counsel were available at a lower rate. *Id.* The Sixth Circuit has identified a dozen factors to assist the Court in determining the reasonableness of an hourly rate, as well as the number of hours worked:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel v. City of Memphis*, 404 F.3d 404, 415-16 (6th Cir. 2005).

Preliminarily, there is no reason to conclude it was unreasonable for State Farm to hire the Katten law firm as its lead counsel in this case. According to Attorneys Powers and Heck, they have both been representing State Farm for a number of years in different states, including Michigan. Based on the information before the Court, however, these attorneys do not appear to be *specialists* entitled to a higher hourly rate. Local counsel in this matter, Miller, Canfield, Paddock and Stone, PLC from Detroit, Michigan, represented State Farm alone in another matter alleging a scheme to fraudulently submit bills for medically unnecessary services to persons who were in automobile accidents, a claim similar to that presented in this case. (*See* Case No. 19-cv-10669, ECF No. 1). The fact that State Farm entrusted a similar matter to a local law firm does not suggest the Katten law firm is a specialist in these insurance fraud cases and is the necessary law firm to represent State Farm's interests in matters involving fraudulent billing related to medically unnecessary services.

Turning to the reasonableness of the requested hourly rate, Mr. Heck's $450/hour is reasonable. He is a partner in a Chicago law firm with 15 years of experience as a practicing attorney. (ECF No. 92-2, PageID.2344, at ¶¶ 3, 5). His hourly rate is comparable to a similar attorney in Michigan. State Farm attached as an exhibit to its bill of costs the State Bar of Michigan's 2020 Economics of Law Practice in Michigan, which includes reported billing rates throughout Michigan.

(ECF No. 92-5). The State Bar's Economics of Law Practice is an acceptable source. *See Wells v. Corporate Accounts Receivable*, 683 F. Supp. 2d 600, 603 (W.D. Mich. 2010) (collecting cases). The average hourly billing rate in the 75th percentile for offices located in "Downtown Detroit & New Center area" is $445/hour. (ECF No. 92-5, PageID.2376). An equity partner in the 75th percentile bills on average $425/hour. (*Id.* at PageID.2375). Comparing Mr. Heck's rate with what he could expect to charge in Michigan, his rate is not unreasonable.

Mr. Powers' hourly rate will be adjusted. As discussed above, although Mr. Powers has a history of representing State Farm in similar matters in many jurisdictions, it is not altogether clear he can be considered a "specialist" in this area of practice. Mr. Powers is an associate attorney, perhaps a senior associate, with 6 years of practice experience. (ECF No. 92-2, PageID.2344, at ¶¶ 3, 5). In Michigan, the hourly rate for a senior associate in the 75th percentile is $300/hour. The average hourly rate for an attorney with 6-10 years in the 75th percentile is $310/hour. (ECF No. 92-5, PageID.2375). Mr. Powers did not explain why his requested hourly rate is identical to Mr. Heck's hourly rate considering the differences in their positions and experience. Mr. Powers' $450/hour is unreasonable. Using the 75th percentile average for a Michigan attorney with 6-10 years' experience should be sufficient to account for the fact that Mr. Powers is an

attorney in Chicago with litigation experience tailored to State Farm's needs. The Court finds $310/hour is a reasonable hourly rate for Mr. Powers.

    b.  Reasonableness of the Hours Expended

Plaintiff's counsel bears the burden of demonstrating the hours expended in sufficient detail to allow the Court to determine that such hours were actually and reasonably expended. *Martinez v. Blue Star Farms, Inc.*, 325 F.R.D. 212, 223 (W.D. Mich. 2018) (citing *United Slate, Tile & Composition Roofers Ass'n Local 307 v. G. & M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984)).

According to the bill of costs, Mr. Powers spent 17.7 hours preparing "key sections" of the motion for sanctions and the reply. Mr. Heck spent 16.8 hours preparing revisions to the briefs. (ECF No. 92-3, PageID.2348). The time spent on specific issues or tasks is not specified in this document.

An award accounting for 33% of the hours expended on the motion and reply briefs is unreasonable in light of the time it likely took to draft the pertinent sections. Of the 25 pages detailing the facts and legal argument in support of the motion for sanctions, State Farm devoted three paragraphs to the corept17 account. (ECF No. 81, PageID.1851-52, 1859). This is not surprising as the issue with the supplemental production would have been plain to see. Core Defendants' initial production from the account contained roughly 26,000 pages. The supplemental production should have been a reordering of the same number of pages and

produced in the manner ordinarily kept. Instead, State Farm received a supplemental production of approximately 1,000 pages, including some new communications, and clearly missing relevant portions of the records including dates. It could not have taken a significant amount of time to discover the deficiency. Likewise, it could have taken a significant amount of time to brief the issue for the Court. For this reason, compensating the attorneys for 33% of the hours spent on the motion to account for the corept17 issue would not be reasonable.

The Court finds a reasonable amount of time spent by Mr. Powers caused by the Core Defendants' failure to obey the Court's discovery Order is three hours. A reasonable amount of time for Mr. Heck to revise the three corept17 paragraphs is half an hour. Accordingly, attorney fees owed for the work performed by Mr. Powers is $930 ($310/hour x 3 hours) and for the work performed by Mr. Heck is $225 ($450/hour x ½ hour), for a total of $1,155. Core Defendants and their attorneys each owe half of the total to State Farm to compensate it for the expense caused by their failure to comply with the Court's Order. The total must be paid to State Farm within 30 days of this Order.

    2.    Monetary Sanctions

Currently, also pending before the Court is State Farm's request that the Core Defendants be ordered to pay $5,000 in monetary sanctions due to their

misdeeds associated with the failure to comply with the Order. According to Plaintiff, it has been unfairly prejudiced by the delay in getting a complete production of emails from corept17. (ECF No. 92, PageID.1227-38). The Core Defendants maintain they have now provided a complete supplemental production of the emails. They state they hired Elijah, a company specializing in IT and e-discovery, to assist with the supplemental discovery. On March 31, 2021, Core Defendants' counsel sent the supplemental production to State Farm's counsel before the Court's deadline to do so. (ECF No. 93, PageID.2395).

The issue for the Court is to determine in its discretion what, if any, sanctions should be imposed. In deciding the issues before the Court, it held an evidentiary hearing and carefully listened to the arguments raised by counsel. The Court has devoted a significant amount of time to its decision. Over thirty years ago, another judge aptly observed a court's responsibility in determining sanctions motions:

> The imposition of sanctions is a serious matter and should be approached with circumspection. An attorney's name and reputation are his [or her] stock in trade and thus any unfair or hasty sullying of that name strikes at the sanctioned attorney's livelihood. These considerations suggest that, whenever possible, doubts should be resolved in counsel's favor.

*Hart v. Blanchette*, 2019 WL 1416632, at *28 (W.D.N.Y. Mar. 29, 2019) (quoting *Veliz v. Crown Lift Trucks*, 714 F. Supp. 49, 56 (E.D.N.Y. 1989)).

With those considerations in mind, the Court will not issue a monetary sanction against the Core Defendants. The award of the costs is sufficient to fine the Core Defendants and their counsel for their failure to comply with the Court's Order. It appears the Order on the motion for sanctions and award of costs was a sufficient incentive to provide a proper supplemental production from the corept17 account.

**IT IS SO ORDERED**.

Date:  April 12, 2021

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 12, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager, Acting in the Absence of Kristen MacKay
(810) 341-9764