UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

State Farm Mutual Automobile
Insurance Company,

    Plaintiff,

v.                                                                                    Case No. 19-10835

Precious Physical Therapy, Inc., *et al.*,        Sean F. Cox
                                                                            United States District Court Judge

    Defendants.
_____/

**OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm") sued two physical therapists, the clinics through which they provided services, and the owners of those clinics. (ECF No. 1). Currently before the Court is Defendant Hansee Sesi ("Sesi")'s motion for summary judgment pursuant to FED. R. CIV. P. 56. (ECF No. 99). The parties have briefed the issues and the Court concludes that oral argument is not necessary. Thus, the Court orders that the motion will be decided without a hearing. *See* E.D. Mich. LR 7.1(f).

For the following reasons, the Court **GRANTS** Sesi's motion for summary judgment.

**BACKGROUND**

On March 21, 2019, State Farm initiated this action alleging three counts of common law fraud, three counts of unjust enrichment, and two counts seeking declaratory judgment. (ECF No. 1). In their Complaint, State Farm alleges the Defendants engaged in a fraudulent scheme to obtain money from State Farm by submitting bills and documentation for services purportedly provided to individuals who were in automobile accidents and were eligible for personal injury protection

1

benefits under State Farm policies. (ECF No. 1) The Defendants allegedly treated patients pursuant to a "predetermined treatment protocol" designed to enrich the Defendants rather than treat the patients' individual medical needs. (ECF No. 1 at PageID 2). Relevant to this motion, State Farm has only brought a single claim of unjust enrichment against Sesi (Count V). (ECF No. 1, at PageID 57).

With respect to summary judgment motions, this Court's practice guidelines, included in the Scheduling Order and provide, consistent with FED. R. CIV. P. 56 (c) that:

> a. The moving party's papers shall include a separate document entitled Statement of Material Facts Not in Dispute. The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. . .
>
> b. In response, the opposing party shall file a separate document entitled Counter-Statement of Disputed Facts. The counter-statement shall list in separately numbered paragraphs following the order or the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record. The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.
>
> c. All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

(Scheduling Order at 3).

The parties complied with the Court's practice guidelines for summary judgment motions such that Sesi filed a "Statement of Material Facts Not In Dispute" ("Def's "Stmt.") (ECF No. 100) and Plaintiff filed "Counter-Statement of Disputed Facts" ("Pl.' s Stmt.") (ECF No. 109).

Relevant to this motion, Sesi was the majority shareholder of one of the physical therapy clinics at issue in this case, Defendant Sterling Physical Therapy Provider Corp. ("Sterling"). (Pl's Stmt. at 2). Sterling's tax return for the year 2016 reflects that Sesi owned 64.21799% of Sterling's

shares and earned $899,145 in ordinary business income from his shares in Sterling. (ECF No. 131-1, at PageID 7633).

## STANDARD OF REVIEW

Summary judgment will be granted where there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment carries the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The Court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the non-moving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002).

Further, "[i]t is an error for the district court to resolve credibility issues against the nonmovant . . . ." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). "In effect, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true . . . ." *Id.* (quoting *Ctr. for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007)).

## ANALYSIS

Because this Court sits in diversity, the substantive law of Michigan governs the claims of in this case. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

3

In the Complaint, State Farm only alleges unjust enrichment against Sesi (Count V). (ECF No. 1, at PageID 57). The essential elements of an unjust enrichment claim are: "(1) receipt of a benefit by the defendant from the plaintiff, and (2) which benefit it is inequitable that the defendant retain." *B&M Die Co. v. Ford Motor Co.*, 167 Mich.App. 176, 181 (1988); see also *Dumas v. Autoclub Ins. Ass'n*, 473 N.W.2d, 562, 663 (Mich. 1991).

Sesi argues that he is entitled to summary judgment because: (1) he is not liable for the actions and obligations of Sterling and there is no basis to pierce the corporate veil; (2) he did not receive any benefit from State Farm; and (3) he was not unjustly enriched and did not cause or contribute to any alleged losses or damages suffered by State Farm. (ECF No. 99, at PageID 4288-4289).

*1. Piercing the Corporate Veil*

As to Sesi's first argument, Sesi has not cited any controlling authority to support his assertion that piercing the corporate veil is a necessary requirement for holding a shareholder liable under an unjust enrichment claim. In his brief, Sesi even admits that Michigan courts have not addressed this issue. (Def's Br., at PageID 4292). This Court declines to extend this requirement to an unjust enrichment claim, as courts in this District have declined to do so previously. In *Whited v. Motorists Mut. Ins. Co.*, No. 08-10653, 2010 WL 3862717 (E.D. Mich., Sept. 28, 2010), the court rejected an insurer's attempts to pierce the corporate veil and hold a shareholder personally liable for the corporation's misconduct, but the court also held that there were triable issues of fact as to whether the same shareholder was unjustly enriched. *Id*. at 37- 39. Therefore, Sesi does not prevail on his first argument.

*2. Benefit Requirement*

Similar to Core Defendants' motion for summary judgment in this case (ECF No. 96), Sesi argues that he did not receive any benefit – directly or indirectly – from State Farm. (Def's Br., at PageID 4293-4295). State Farm maintains the same position as it did in the briefing for Core Defendants' motion for summary judgment: that State Farm is not required to show a direct benefit for an unjust enrichment claim. (Pl's Br., at PageID 4999-5008). State Farm primarily relies on *Franklin Banks, N.A. v. Zero Plus Advantage*, No. 212712, 2001 WL 682228, (Mich. Ct. App., Apr. 20, 2001) and other cases that cite the *Franklin Bank* opinion. (Pl's Br., at PageID 4999-5008). *Franklin Bank* held that an indirect benefit was sufficient to satisfy the elements of unjust enrichment. *Id*. at *7. However, *Franklin Bank* is an unpublished Michigan Court of Appeals opinion from 2001, and State Farm ignores caselaw refining Michigan's doctrine of unjust enrichment in the twenty years that have passed since that case has been decided.

Sesi is correct that "[c]ustomarily, Michigan courts only employ the doctrine of unjust enrichment in cases where the defendant directly receives a benefit from the plaintiff." *Schechner v. Whirlpool Corp.*, 237 F.Supp.3d 601, 618 (E.D. Mich. 2017). However, as this Court explained in the Opinion and Order for Core Defendants' motion for summary judgment (*State Farm Mut. Auto. Ins. Co. v. Precious Physical Therapy, Inc. et al.*, Case No. 19-10835, 2021 WL 3489702 (E.D. Mich., Aug. 9, 2021)), in *Kammer Asphalt Paving Co. v. E. China Twp. Sch.*, 443 Mich. 176 (1993), the Michigan Supreme Court held that an indirect benefit may fulfill the first requirement of an unjust enrichment claim when "the defendant and plaintiff had some sort of direct interaction." *Schechner*, 237 F.Supp.3d at 618 (citing *Storey v. Attends Healthcare Products, Inc.*, No. 15-cv-13577, 2016 WL 3125210 (E.D. Mich, June 3, 2016)). Therefore, "to state a claim for

5

unjust enrichment, Michigan law requires a direct benefit or some sort of direct interaction" between State Farm and Sesi. *Id*. (emphasis added).

State Farm did not argue or provide evidence that Sesi received a direct benefit from State Farm. Neither did State Farm argue or provide evidence that a direct interaction existed between Sesi and State Farm. Therefore, the Court GRANTS Sesi's motion on this ground.

*3. Contribution to State Farm's Losses*

As State Farm has not shown a genuine issue of material fact as to the first element of unjust enrichment as discussed above, the Court does not need to address Sesi's final argument.

### CONCLUSION

For the reasons explained above, the Court **GRANTS** Sesi's motion for summary judgment and **DISMISSES** Sesi from the case as Count V is the only claim State Farm has brought against him.

IT IS SO ORDERED.

                                   s/Sean F. Cox
                                   Sean F. Cox
                                   United States District Judge

Dated: September 7, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 7, 2021, by electronic and/or ordinary mail.

                                   s/Jennifer McCoy
                                   Case Manager